Nicholson, C. J.,
delivered the opinion of the court.
*598 Jos. A. Mabry being president of the Knoxville & Kentucky Railroad Company was appointed receiver thereof by Governor Senter on the 16 th of September, 1869, and filled the office until the 1st of January, 1871.
As president of the road he was entitled to a salary of $5,000 a year, which by the statute continued to be his compensation • during the term he acted as receiver.
He received from the Comptroller a warrant for $1,680, on the 5th of October, 1871, leaving due him $4,778.21.
• He applied for a mandamus to compel the Governor to direct the Comptroller to issue his warrant for that amount.
The Judge of the Law Court of Nashville refused his application, and dismissed his petition, from which ruling he has appealed.
Mabry was appointed receiver under the Act / of 1869, ch. 8, and was required “to receive the issues and profits and pay the same, after deducting the necessary repairs and running expenses of the road, into the treasury of the State.” He was to make monthly reports to the Comptroller, and pay over on his warrant all moneys “over and above the necessary repairs and expenses of running said road,” but was not entitled to any other compensation for the service imposed by this act than his salary as president.
By sec. 2, ch. 10, of the Act of 1861, the Governor was authorized and required to pay the receivers such salaries as he might deem just and fair *599 (not to exceed the salaries paid to the superintendents) and upon his orders the Comptroller was to issue his warrants to the receivers for such amounts, said salaries being made payable quarterly.
It is apparent that under the Act of 1861, the receiver was an officer of the State, and his salary was to be paid by an order of the Governor upon the Comptroller, who has to issue his warrant on the treasury, the salary being payable quarterly.
In what aspect did the act of 1869 change the provisions .of the act of 1861 as to the salary of the receivers ?
When the president of the road was appointed receiver he was to have no other compensation for his services than his salary as president.
If the president- was not appointed, then, by sec. 2, some other person was to be made receiver, his compensation not to exceed $3,000, and this was to be “at the expense of the company.”
In the latter case, the receiver is paid as under the act of 1861, by the warrant of the Comptroller on the treasury, but the amount to be deducted from the earnings of the road. In the former case, the only difference is, that the president being appointed receiver continues to receive his salary as president out of the earnings of the road, and not out of the treasury by the warrant of the Comptroller.
His salary constitutes part of the necessary expenses of operating and running the road, and is to be allowed and retained in his monthly reports' to the Comptroller.
*600 If, upon bis monthly reports, the president paid over all the money arising from the running of the road, not withholding his salary as a part of his expenses, whereby the same went into the treasury, then the State became a debtor to him in the amount of his salary so received by it.
In such case, however, the Governor had nothing to do with ordering the Comptroller to issue a warrant to the president as receiver, upon the Treasurer.
It was the business of the president, as receiver, in making his statement to the Comptroller,, to retain his salary. If he has omitted to do so, there is no law by which the Governor can be required to -correct the error, nor are we aware of any other remedy than a legislative appropriation.
We are therefore of opinion that there was no error in the judgment of the court below, and the same is affirmed.